[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CONCERNING MOTIONS TO REOPEN JUDGMENT OF FORECLOSURE BY SALE
Both plaintiff and defendant, Rona Finizie, have filed motions to reopen the judgments of foreclosure by sale entered by the court (Melville, J.) on March 15, 1988 ordering a sale in both files on May 21, 1988 which was stayed by the said defendant's pro se application for bankruptcy relief on May 20, 1988.
The said defendant raises a number of reasons for her to be allowed to file four special defenses to all counts in both complaints. CT Page 3041
The defendant claims that she never agreed to the entry of the judgments. This is based on her questioning the 1987 judgments that preceded the judgments to be reopened. The 1987 judgments were reopened at the request of defendant's then attorney. On May 12, 1989, the defendant indicated that there had been no breakdown of communication between her said attorney and her. (Pleading No. 150.) Thus, defendant was aware that new judgments had been entered against her in 1988 and was very knowledgeable of their particulars, since she filed her pro se bankruptcy petition one day before the ordered sale, thereby delaying these matters for an additional four years. She now attempts to attack these judgments by claiming that she did not stipulate to the previous judgments, although her only response to the 1987 judgments was to move to have them reopened in 1988 when she sought more time to sell the subject premises privately.
The bald assertion of the defendant at this late date that she did not stipulate to the previous judgments, without further corroboration, is insufficient to persuade the court. that her denial of having stipulated in 1987 is credible. The unquestionable facts that her attorney moved to reopen the 1987 judgment in 1988, and her admission that she had no breakdown of communications with her attorney, together with her bankruptcy petition one day before the 1988 scheduled sale, reaffirm the content of the court files that the judgments were properly entered in 1988.
The defendant questions a jury trial assignment for one of these cases for May 17, 1988, but conveniently neglects to explain that defendant's cross complaint in that file was on the jury list as a result of a motion to separate the cross complaint and the foreclosure.
The court is satisfied, from the examination of the court's files in these cases and the lack of corroboration of defendant's claim that she did not stipulate to the 1987 judgments, that the 1988 judgments were not mistakenly, accidentally or fraudulently entered.
The court will, therefore, deny defendant's request to reopen the judgments entered in 1988.
The plaintiff, having been granted a motion to dismiss CT Page 3042 defendant's bankruptcy petition, has moved to have the stayed 1988 judgments reopened for the purpose of entering new judgments of foreclosure by sale for both premises. Those motions are hereby granted and the plaintiff is directed to claim these matters for hearing on the foreclosure calendar so that the debt may be found, the fair market value of the premises may be determined and the sale date, together with the other usual orders for a sale, may be set in these files by the judge hearing that calendar.
Stodolink, J.